# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NOEL VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 1639 |
| | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's ("City") partial motion to dismiss or, in the alternative, for a more definite statement. For the reasons stated below, we grant in part and deny in part the partial motion to dismiss and we deny as moot the City's alternative motion for a more definite statement.

## BACKGROUND

Plaintiff Noel Vasquez ("Vasquez") alleges that he began working for the City as a firefighter in 1985. Vasquez was allegedly promoted to Lieutenant in November of 1994 and became an Emergency Medical Technician in July of 2003. Vasquez claims that he and his wife were "harassed" by the Deputy District Chief

1

McNicolls ("McNicolls") while they were receiving medical care for an injury unrelated to Vasquez's job. (Comp. Par. 11(A). Vasquez further alleges that in May of 2004, Captain Barbara ("Barbara") ridiculed Vasquez with offensive language and violently hit Vasquez's vehicle with his fists. Vasquez also claims that in July of 2004, Barbara further harassed him when Barbara used profanities and interfered with Vasquez's ability to perform his job duties to such an extent that it caused Vasquez "to become ill." (Compl. Par. 11(C)). Vasquez also alleges that the alleged demeaning treatment he was subjected to at work caused him to suffer an occupational injury which resulted in a temporary disability. (Compl. Par. 14). Vasquez alleges that the City wrongfully denied him medical benefits and payments for this injury and failed to accommodate his disability.

Vasquez claims that he complained about Barbara's alleged misconduct to the "CFD," but no action was taken to investigate his complaint. (Compl. Par. 11(D)). According to Vasquez, he was served on or about July 16, 2004 with charges of insubordination which were brought by Barbara. Vasquez contends that, as a result of these charges, "CFD" recommended, without a proper investigation, that disciplinary action be taken against Vasquez. (Compl. Par. 11(E)). According to Vasquez, during the investigation into Barbara's insubordination claim against him, Vasquez requested union representation, but his requests were ignored.

Finally, Vasquez alleges that there were "mandates" regarding promotions set forth in the collective bargaining agreement between the City and Vasquez's union

2

("CBA") (Compl. Par. 15), and Vasquez claims that he has been eligible for promotion to Captain since 1998. Vasquez claims that, despite the "mandates," Vasquez was overlooked for a promotion to Captain because he is Hispanic. (Compl. Par. 15-17, 21). Vasquez filed a complaint in the instant action which alleges violations of the Civil Rights Act of 1991 and Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.*

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to

dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule

12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12 (b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

### I. Scope of Equal Employment Opportunity Commission Complaint

The City argues that certain claims brought by Vasquez were beyond the scope of Vasquez's complaint filed with the Equal Employment Opportunity

Commission ("EEOC"). Before bringing a Title VII suit in federal court, a plaintiff

must first file a timely charge with the EEOC alleging the same claims as those

alleged in the complaint. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.

1985)(stating that "[a] plaintiff must file a timely charge with the EEOC

encompassing the acts complained of as a prerequisite to filing suit in federal court"

and that "this requirement of timely filing a charge does not relate to subject matter

jurisdiction."). The purpose of this requirement is to provide the employer with

notice of the claim and to give the parties the opportunity to settle the issue without

resort to the courts. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.

1992)(stating that "[f]irst, the party must file a charge with the EEOC within the

period of time allotted by the statute" and "[s]econd, the Commission must issue a

right to sue letter."). Accordingly, only claims that are "like or reasonably related to

the allegations of the charge and growing out of such allegations" may be brought in

the federal court complaint. *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*,

538 F.2d 164, 167 (7th Cir. 1976) (internal quotations and citations omitted). A

claim in a complaint is "like or reasonably related" to an EEOC charge if there is a

factual relationship between the two, *Cheek v. Western & Southern Life Insurance

Co.*, 31 F.3d 497, 501 (7th Cir. 1994), and an EEOC investigation into the EEOC

charge's claims would be likely to reveal the claim made in the complaint. *Id.* at

500. For a factual relationship to exist between the claim in the complaint and the

claim in the EEOC charge, the claims "must, at minimum, describe the *same conduct*

6

and implicate the *same individuals.*" *Id.* at 501(emphasis in original).

The EEOC complaint that was filed by Vasquez alleges that he was subjected to "harassment," "offensive language," "profanity," and other conduct that interfered with his ability to perform his job. (EEOC 1). Vasquez also makes reference to when Barbara allegedly struck his vehicle with his fist and Vasquez alleges that he was overlooked for a promotion. In the complaint filed in the instant action, Vasquez alleges that he and his wife were harassed while Vasquez was receiving medical care. However, there is no allegation in the EEOC complaint concerning or related to any harassment of Vasquez's wife. Therefore, we grant the City's motion to dismiss Vasquez's claims to the extent that they rely on an alleged harassment of Vasquez's wife.

Vasquez also indicates in his complaint that he suffered a temporary disability and that his disability was not accommodated and that he was denied medical benefits and payments. Vasquez alleges in his EEOC complaint that the alleged harassment caused him "to become ill." (EEOC 1). However, there is no indication in the complaint that simply because he was "ill" he was disabled. Neither is there any allegation in the EEOC complaint of any actions taken or not taken by the City that would relate to the alleged failure to accommodate the alleged disability or the alleged denial of medical benefits and payments. Vasquez was not required to specifically allege the appropriate legal jargon regarding his alleged disability. However, Vasquez has failed to allege facts even from a layperson's point of view

that would indicate that the City was derelict in its duty to address his illness or denied him medical benefits or payments. Therefore, we grant the City's motion to dismiss the failure to accommodate claim and the claim based upon the alleged denial of medical payments and benefits.

Finally, the City argues that "to the extent that the alleged events occurred outside the time period identified in the EEOC charge, they should be dismissed" because they do not provide the City with adequate notice of the claims. (Mot. 6). Other than the above isolated statement, the City does not provide any elaboration as to what allegations are being referenced by the City or how such allegations would be insufficient to provide the City with notice of the claims brought against it. Neither has the City addressed whether any of the alleged wrongdoing that occurred after the filing of the EEOC complaint was related to the conduct referenced in the EEOC complaint. We note that the City has not even continued to pursue this argument in its reply brief. Therefore, we deny the City's request to dismiss claims based upon allegations simply because they occurred outside the time period mentioned in the EEOC complaint.

## II. Claim Related to Collective Bargaining Agreement

The City argues that Vasquez cannot bring a claim alleging a breach of the collective bargaining agreement ("CBA") between his union and the City because Vasquez failed to exhaust his administrative remedies. An employee is generally

"'required to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement' before filing suit" unless the employee "establish[es] a breach of her union's duty of fair representation." *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 771 (7th Cir. 1991). In the instant action, Vasquez makes specific reference in his complaint to a mandate in the CBA that provides that union employees will not be discriminated against because of their race. (Compl. Par. 8, 15-21). Vasquez alleges that the City acted "contrary to . . . the CBA." (Compl. Par. 8). The City correctly points out that Vasquez has failed to show that he has exhausted his administrative remedies in regards to a claim based upon an alleged violation of the CBA. Therefore, we grant the City's motion to dismiss Vasquez's claims to the extent that they are based upon an alleged failure by the City to abide by the mandates in the CBA and are based upon a breach of the CBA. To the extent that the City requests that the court actually strike the paragraphs that mention the CBA, we deny such requests as the facts contained within the paragraphs still fall within the broad spectrum of potentially relevant facts in this action.

## CONCLUSION

Based on the foregoing analysis, we grant the City's partial motion to dismiss the claims based upon the alleged harassment of Vasquez's wife and the alleged failure to accommodate Vasquez's disability and the denial of medical benefits and payments. We grant the City's partial motion to dismiss to the extent that Vasquez's

claims are based upon a breach of the CBA. We deny the City's motion to dismiss all claims that are based upon facts that occurred outside of the time period mentioned in the EEOC complaint. We deny as moot the City's alternative motion for a more definite statement.



Samuel Der-Yeghiayan
United States District Court Judge


Dated: August 10, 2005